CHARLES F. STEELE v. MOORE-FLESHER HAULING COMPANY, A CORPORATION; W. FLOYD COCHRAN, TRADING AND DOING BUSINESS UNDER THE NAME AND STYLE OF W. FLOYD COCHRAN STEEL ERECTION AND RIGGING COMPANY; WILLIAM JAECKLEIN, AND WILLIAM H. WENDELL.

(Filed 20 November 1963.)

1. Negligence § 20;  Indemnity § 3;  Pleadings § 8—

In an action by an injured person against two employers to recover for negligent injury inflicted by their common employees, the one employer may not file a cross-action against the other on a contract indemnifying the first for any loss resulting from the performance of the work out of which the injuries arose, since plaintiff is not privity thereto and such

cross-action is not germane to plaintiff's cause and is properly stricken on motion even though all references therein to liability insurance are deleted.

**2. Negligence §§ 8, 20;  Pleadings § 8;  Master and Servant § 31.1—**

In an action by an injured person against an employer and employee for injuries resulting from the negligence of the employee in the performance of the work, the employer is entitled to file a cross-action for indemnity against the employee under the doctrine of primary-secondary liability.

**3. Appeal and Error § 1—**

Where appellee moves to strike a defendant's amendment setting out a cross-action solely on the ground that the allegations contained therein are incompetent and irrelevant, and the motion is heard and the appeal prepared solely with the view of presenting this question, appellee may not assert on appeal that the amendment should be stricken on the ground that there was no leave to amend and that at the time of the amendment the defendant had no right to amend as a matter of course, since an appeal will be determined in accordance with the theory of the hearing below.

**4. Appeal and Error § 3—**

Ordinarily an appeal will lie only from a final judgment, and an appeal from an interlocutory order will be dismissed as fragmentary and premature unless it affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment.

**5. Same—**

An appeal will lie immediately from an order allowing motion to strike a defendant's entire cross-action, since such motion is in effect a demurrer to the cross-action.

APPEAL by defendant, Moore-Flesher Hauling Company, from *Walker, S.J.,* January 21, 1963, Special "A" Civil Session of MECKLENBURG.

*Bailey & Booe for plaintiff appellee.*

*Boyle, Alexander & Wade for defendant W. Floyd Cochran, trading and doing business under the name and style of W. Floyd Cochran Steel Erection and Rigging Company, appellee.*

*Pierce, Wardlow, Knox and Caudle for defendant William H. Wendell, appellee.*

*Kennedy, Covington, Lobdell & Hickman for defendant Moore-Flesher Hauling Company, appellant.*

MOORE, J.  This action was instituted by plaintiff to recover damages for injury to his person caused by the alleged negligence of defendants.

The complaint alleges in substance the following facts:

On 1 June 1960 Moore-Flesher Hauling Company, a corporation (Moore-Flesher), and W. Floyd Cochran, trading as W. Floyd Cochran Steel Erection and Rigging Company (Cochran), among others, were engaged in constructing a building in a real estate development in Charlotte, North Carolina, known as Arrowood. Plaintiff, an employee of B. F. Todd, trading as B. F. Todd Electrical Contractor, was at work on said date installing electrical conduit pipe in the building. He was working inside the building at a point about 20 feet above the ground, standing on a steel girder. On this steel girder, and on another steel girder parallel to, and about 40 feet from, the one on which plaintiff was standing, were tracks upon which a 5-ton crane was operated for the purpose of moving heavy equipment in the bay below. Plaintiff's work required him to be on the girder and track at the time of his injury. William A. Pulley, the crane operator, pursuant to the instructions and directions of defendants William Jaecklein and William H. Wendell, who assisted him and directed the course, direction and movement of the crane, placed the crane in operation. The crane approached plaintiff from his rear and its wheels ran over his feet, crushing them, and inflicted upon plaintiff serious and permanent injuries. Plaintiff was injured by reason of the active negligence (specifically set out) of Pulley, Jaecklein and Wendell, all of whom were employees of both Moore-Flesher and Cochran, and at the time of plaintiff's injury were acting within the scope and course of their employments and in furtherance thereof. Moore-Flesher and Cochran are liable to plaintiff under the doctrine of *respondeat superior*, and Jaecklein and Wendell are liable to plaintiff because of their active concurrent negligence.

Defendants filed answers denying plaintiff's allegations of negligence and setting up affirmative defenses.

Moore-Flesher filed an amendment to its answer and set up therein two cross-actions, stating: (1) That Pulley and Wendell were not its employees and any negligence of Pulley and Wendell is not imputable to it, that Cochran had entered into a contract with Moore-Flesher by the terms of which Cochran agreed to indemnify and save harmless Moore-Flesher against loss by reason of injuries to other persons caused by the negligent acts or omissions of Pulley and Wendell by providing public liability insurance to the extent of $10,000 for injuries sustained by one person in an accident, and that Cochran is liable over to Moore-Flesher up to $10,000 if plaintiff recovers against the latter by reason of any negligence on the part of Pulley and Wendell, and if any part of the judgment up to $10,000 is not discharged by lia-

bility insurance; (2) that any negligence of Wendell is not imputable to Moore-Flesher under the doctrine of *respondeat superior,* but, if it should be determined to the contrary, Wendell would be primarily liable and Moore-Flesher would be only secondarily liable and the latter would be entitled to recover judgment in this action over against Wendell for any amount which plaintiff recovers of Moore-Flesher by reason of the negligent acts or omissions of Wendell.

Plaintiff, Cochran and Wendell moved to strike Moore-Flesher's entire amendment to its answer, that is, the two cross-actions. The court allowed the motions and struck the amendment, both cross-actions. Moore-Flesher appeals.

(1). The court ruled correctly in striking the cross-action against Cochran. In an action against two defendants to recover for negligent injury, a cross-action against one defendant by the other may not be maintained when the cross-action is based on an express contract between the defendants obligating the one to indemnify the other from losses resulting from the activities of indemnitor in performing or supervising the work out of which plaintiff's injuries arose. The indemnity contract concerns the defendants only. "Plaintiff is not privy thereto. Therefore, it is not germane to plaintiff's cause of action, and the determination of the rights and liabilities of the defendants with respect to this agreement of indemnity is not necessary to a conclusion of plaintiff's cause of action. Only matters relevant to the original or primary action in which all parties have a community of interest may be litigated." *Greene v. Laboratories, Inc.,* 254 N.C. 680, 688, 120 S.E. 2d 82, and cases therein cited and discussed. In the instant case, as in *Greene,* the cross-action recites a provision of the indemnity contract requiring the maintenance of liability insurance and specifying the limits thereof. Evidence of such insurance would be incompetent upon trial, and disclosure of policy limits to the jury might be extremely prejudicial to plaintiff where he has suffered serious injury. ". . . (I)n an action by an injured party against insured all references to such (liability) insurance is prejudicial, and all such references should be stricken from the pleadings." *Greene v. Laboratories, Inc., supra,* at page 687. Moore-Flesher moves in this Court for leave to delete all references in the cross-action to liability insurance. However, such deletion would not save the cross-action. The cross-action, for the reasons stated above, may not be maintained in the present action even without the references to insurance.

The case of *Newsome v. Surratt,* 237 N.C. 297, 74 S.E. 2d 732, relied on by Moore-Flesher, does not support its contention that it is entitled to maintain the cross-action against Cochran for indemnity. In the

*Newsome* case, the liability of defendants to plaintiff and the amount of plaintiff's recovery had been determined and was stipulated, no motion to strike the cross-action based on the indemnity agreement was before the Court, the sole question for decision was liability as between the defendants.

(2). The court below erred in striking Moore-Flesher's cross-action against Wendell. Simply stated, the cross-action asserts that if plaintiff was injured by the negligence of Wendell and if it is determined that Wendell at the time of the accident was the agent and employee and about the business of Moore-Flesher, the liability of the former is primary and of the latter secondary, and Moore-Flesher is entitled to recover over against Wendell. "Where two persons are jointly liable in respect to a tort, one being liable because he is the active wrongdoer, and the other by reason of constructive or technical fault imposed by law, the latter, if blameless as between himself and his co-tortfeasor, ordinarily will be allowed to recover full indemnity over against the actual wrongdoer." *Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673. "For example, where liability has been imposed on the master because of the negligence of his servant, and the master did not participate in the wrong and incurs liability solely under the doctrine of *respondeat superior,* the master, having discharged the liability, may recover full indemnity from the servant." *Ingram v. Insurance Co.,* 258 N.C. 632, 635, 129 S.E. 2d 222. See *Gadsden v. Crafts & Co.,* 175 N.C. 358, 363, 95 S.E. 610; *Smith v. Railroad,* 151 N.C. 479, 66 S.E. 435. The inquiry as to primary and secondary liability, when properly pleaded and supported by evidence, is germane to plaintiff's cause of action. *Greene v. Laboratories, Inc., supra; Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118. The doctrine of primary-secondary liability is based upon a contract implied in law. *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768. Where two alleged tortfeasors are sued by the injured party, one may set up a cross-action against the other for indemnity, under the doctrine of primary-secondary liability, and have the matter adjudicated in that action. *Ingram v. Insurance Co., supra.*

Appellees contend that the judgment below striking the cross-action should be sustained in any event, for that Moore-Flesher did not obtain leave to amend, and at the time the amendment, setting out the cross-actions, was filed Moore-Flesher had no right to amend as a matter of course. This appears to be an after-thought. Appellees moved to strike only on the ground that the "allegations . . . are incompetent, irrelevant, immaterial, redundant and prejudicial." There is nothing to indicate that the court considered Moore-Flesher's right to amend or exercised any discretion pertaining to the allowance or de-

nial of the act of amending; and it is clear that the case on appeal was not prepared with a view to presenting this question. There is every indication that the court ruled upon the content of the allegations. We consider the matter only upon the theory of the hearing below.

(3). Plaintiff-appellee filed in this Court a motion to dismiss the appeal on the ground that it is fragmentary and premature. The motion is not sustained. Ordinarily, an appeal will lie only from a final judgment. *Perkins v. Sykes,* 231 N.C. 488, 57 S.E. 2d 645. An appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment. *Veazey v. City of Durham,* 231 N.C. 354, 57 S.E. 2d 375. Conversely, an appeal will lie from an interlocutory order that does affect a substantial right and will work injury if not corrected before final judgment. G.S. 1-277; *Jenkins v. Trantham,* 244 N.C. 422, 94 S.E. 2d 311. The motions to strike are addressed to Moore-Flesher's cross-actions in their entirety. In effect, the sole ground of the motions is that the facts alleged do not constitute legal defenses or causes for affirmative relief. In substance, if not in form, the motions constitute a demurrer to the cross-actions. The court's ruling amounts to a sustaining of such demurrer. *Jenkins & Co. v. Lewis,* 259 N.C. 85, 130 S.E. 2d 49; *Mercer v. Hilliard,* 249 N.C. 725, 107 S.E. 2d 554.

As to the cross-action against Cochran—Affirmed.

As to the cross-action against Wendell—Reversed.