### FREDA P. WOODS v. DAVID YOUNG TURNER.

(Filed 15 April, 1964.)

**1. Pleadings § 7—**

A defendant may set up and rely upon contradictory defenses.

**2. Same; Pleadings § 19;   Torts § 4—**

In an action by a passenger against the driver of the other car involved in the collision the defendant may deny negligence on his part and conditionally plead negligence on the part of the driver of the car in which plaintiff was riding, that such driver was plaintiff's agent and assert such negligence in bar of recovery and, in the alternative, allege that if such driver was not plaintiff's agent such driver should be joined as a joint tortfeasor for contribution, and demurrer on the ground that the defenses were inconsistent should have been overruled.

APPEAL by original defendant David Young Turner, from an order sustaining a demurrer to a cross action for contribution entered by *Stevens, E.J.,* December Assigned Civil Session, WAKE Superior Court.

The plaintiff alleged that on December 21, 1962, she was injured while riding as a guest passenger in a 1959 DeSoto automobile operated by her husband, William S. Woods. At the time the road was "icy." She alleged further, that the defendant negligently and carelessly operated his automobile on the wrong side of the road and negligently collided with the DeSoto in which she was riding, causing her serious and permanent injuries.

The defendant filed answer in which he denied negligence and asserted a counterclaim and five other further defenses in which he alleged in substance that the plaintiff was the owner of the vehicle, or the co-owner with her husband, and that his negligence was the sole, or one

of, the causes of the accident; and that his negligence was imputable to the plaintiff. The defendant conditionally pleaded contributory negligence in bar. He also alleged that his vehicle skidded out of control on the slick road, stopped on the wrong side, and before he could move it the plaintiff and her husband came over the hill, saw, or should have seen, his helpless situation, had the last clear chance to avoid striking his vehicle, and failed to avail themselves of that opportunity. As a sixth further defense and cross action, the defendant, in the alternative, alleged that if he should be found to be negligent and his negligence should be found to be one of the proximate causes of the plaintiff's injuries, and if it be found that the plaintiff was not the owner of the DeSoto, or that the negligence of the driver was not imputable to her, then and in that event the negligence of William S. Woods was also one of the proximate causes of the accident and the plaintiff's resulting injury; and that William S. Woods should be brought in as a joint tortfeasor for contribution.

Judge Stevens sustained the demurrer to the defendant's cross action for contribution against William S. Woods, entered an order to that effect allowing the defendant to file an amended answer, "provided said amended answer does not contain both a cross action and an allegation that William S. Woods was acting as the agent of the plaintiff." The defendant excepted and appealed.

*Smith, Leach, Anderson & Dorsett by Willis Smith, Jr., for defendant Turner, appellant.*

*Young, Moore & Henderson by J. Allen Adams and Carter G. Mackie for additional defendant William S. Woods, appellee.*

HIGGINS, J. The trial judge apparently sustained the demurrer to the defendant's cross action against William S. Woods for contribution upon the ground the defendant, in another further defense, had alleged that William S. Woods was driving the plaintiff's vehicle as her agent; and that his negligence was imputable to her and thus barred her right to recover. The plaintiff cites as authority *Bass v. Ingold,* 232 N.C. 295, 60 S.E. 2d 114; and *Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73.

The plaintiff and the court overlooked the fact the defendant's cross action against the additional defendant was alleged in the alternative. The cross action was asserted on condition that the further defenses of agency and ownership, etc., should be found against the original defendant. The rule approved in *Bass* and *Evans* does not apply in the present situation. The applicable rule is stated by Johnson, J., in *Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673: "As to this contention, it

is enough to say that a defendant who elects to plead a joint tort-feasor into his case is not required to surrender other defenses available to him. Nor may an additional defendant who is brought in as a joint tort-feasor on cross complaint of an original defendant escape the plea against him by borrowing from contradictory allegations made by the cross-complaining defendant by way of defense against the plaintiff or by way of separate pleas over against other defendants. It is elementary that a defendant may set up and rely upon contradictory defenses." See also, *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434.

The rule is stated by *Bobbitt, J.,* in *Jones v. Aircraft Co.,* 253 N.C. 482, 117 S.E. 2d 496: "The fact that an original defendant denies negligence and otherwise asserts defenses in bar of the plaintiff's right to recover does not preclude him from alleging, conditionally or in the alternative, that *if he were negligent* a third party was also negligent, and that the negligence of such third party concurred with the negligence of the original defendant in causing the injury or death." The ultimate result is this: If the original defendant fails to make good on his defenses and is found to be liable, his conditionally asserted cross action for contribution is available to him.

The trial court committed error in sustaining the demurrer to the cross action merely upon the basis of contradictory allegations in the other defenses. After the evidence is in, the court will have opportunity to make appropriate rulings in the light of the evidence. The pleadings alone do not furnish enough light for that purpose.

Reversed.