JOHNNIE F. EDWARDS AND DR. JOHN D. MESSICK AND THE AETNA INSURANCE COMPANY v. J. C. HAMILL AND COASTAL REFRIGERATION COMPANY, INC., DOING BUSINESS AS ALL-WEATHER COOLING & HEATING COMPANY, AND L. H. WHITEHURST.

(Filed 30 September, 1964.)

**1. Negligence §§ 9, 20;    Torts § 4—**

Irrespective of G.S. 1-240, a defendant who is secondarily liable may have a defendant primarily liable joined upon alleging a cross action for indemnity.

**2. Negligence § 9—**

Primary and secondary liability between defendants exists only when they are jointly and severally liable to plaintiff and the one passively negligent is exposed to liability through the active negligence of the other or

the one is derivatively liable for the negligence of the other, and the doctrine cannot arise if one defendant is solely liable to plaintiff.

**3. Same;   Negligence § 20;   Torts § 4—**

The rights of contribution and indemnity are mutually inconsistent; the former assumes joint fault, the latter only derivative fault.

**4. Same —**

The original defendant was sued for damages resulting when fumes from the freshly varnished floors of a newly constructed house caught fire when defendant agent used an acetylene torch in the performance of work under the house. The original defendant had the subcontractor who varnished the floors joined, alleging that the subcontractor failed to give proper warning of the danger to defendant agent. *Held:* Demurrer of the additional defendant was properly sustained, since if he failed to give warning he was solely liable, while if he did give warning the original defendants are solely liable, and therefore the cross action fails to allege the right to contribution or to indemnity.

APPEAL by defendants J. C. Hamill and Coastal Refrigeration Company, Inc. from *Peel, J.,* January 1964 Session of PITT.

This case was heard below upon the demurrer of defendant L. H. Whitehurst to the answer of the original defendants J. C. Hamill and Coastal Refrigeration Company, Inc., upon whose application he had been made a party defendant.

On May 14, 1963 plaintiffs filed a complaint against the original defendants in which they allege: On June 14, 1962, plaintiff J. F. Edwards, a building contractor, was constructing a house for the other plaintiff, Dr. J. D. Messick. The house was nearly completed. That morning, Whitehurst, a subcontractor of Edwards, applied to the floors the last coat of a varnish which was 82% volatile and highly flammable. As he was leaving the premises, defendant Hamill, an employee of defendant Coastal Refrigeration Company, arrived to make connections to the air-conditioning and heating units, which were conjoined with ducts to the several rooms. Whitehurst informed Hamill that the floors had just been varnished and warned him not to go into the house for two hours. Hamill then went under the house and proceeded to remove caps from the air-conditioning unit with an acetylene torch. The torch ignited fumes from the floor lacquer and a "fire-explosion" occurred. The house was damaged in the sum of $5,764.79.

Defendants Hamill and Refrigeration Company, answering the complaint, allege that Whitehurst asked Hamill not to walk on the floors for 1½ hours but failed to inform him that the varnish would form a flammable gas which might be affected by work done under the house; that Hamill had no knowledge that such a hazardous condition existed;

that although Whitehurst knew Hamill proposed to work under the house with an acetylene torch, he failed in his duty to warn him of the danger. Defendants further aver (1) that the negligence of Whitehurst was the sole proximate cause of the plaintiffs' damage; (2) that Whitehurst should be made a party defendant to this action and be required to answer for any damages which plaintiffs suffered; (3) that "Whitehurst was the agent, servant, and subcontractor of the plaintiffs and was acting in the scope of such agency" and, if his negligence was not the sole proximate cause of plaintiffs' damage, it was a contributing cause barring plaintiffs' recovery; and (4) that plaintiffs owed defendants a nondelegable duty to warn them of the dangerous condition existing in the house and their failure to warn Hamill bars their recovery.

Defendants prayed that Whitehurst be made a party to this action but asked no specific relief against him. He was made a party and answered the pleadings of both the plaintiffs and the original defendants. He alleges, *inter alia,* that he specifically warned defendants that the house was filled with flammable fumes; that he cautioned Hamill not even to strike a match at the back door lest it cause an explosion; and that he had no knowledge Hamill intended to use an acetylene torch under the house. Thereafter Whitehurst demurred to the answer for that it failed to state a cause of action against him either for contribution or for indemnity and for that it asked no relief against him. From the order of Judge Peel sustaining the demurrer and dismissing the cross action as to Whitehurst, the original defendants appeal.

*James and Speight and William C. Brewer, Jr., for defendant appellants.*

*M. E. Cavendish for defendant appellee.*

SHARP, J. Appellants' defense, as set out in their answer, is that the negligence of Whitehurst was the sole proximate cause of plaintiffs' damage and he is *solely* liable to the plaintiffs. Appellants' position on appeal, as stated in their brief, is that the negligence of Whitehurst was the primary cause of the explosion and fire which damaged the Messick house and he is *primarily* liable to plaintiffs. Their goal is complete exoneration or indemnity, not contribution under G.S. 1-240, but the ruling on this demurrer depends entirely upon the facts alleged in the answer.

Independently of G.S. 1-240, the law permits an adjudication in one action of primary and secondary liability between joint tort-feasors who are not *in pari delicto.* A defendant secondarily liable, when sued

alone, may have the tort-feasor primarily liable brought into the action by alleging a cross action for indemnification against him. *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118; *Bowman v. Greensboro,* 190 N.C. 611, 130 S.E. 502.

Primary and secondary liability between defendants exists only when: (1) they are jointly and severally liable to the plaintiff, *Lewis v. Insurance Co.,* 243 N.C. 55, 89 S.E. 2d 788; *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768; *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648; and (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former. *Steele v. Hauling Co.,* 260 N.C. 486, 133 S.E. 2d 197; *Newsome v. Surratt,* 237 N.C. 297,, 74 S.E. 2d 732; *Clothing Store v. Ellis Stone & Co., supra; Johnson v. Asheville,* 196 N.C. 550, 146 S.E. 229; *Bowman v. Greensboro, supra; Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859; *Gregg v. Wilmington,* 155 N.C. 18, 70 S.E. 1070; *Dillon v. Raleigh,* 124 N.C. 184, 32 S.E. 548; see also *McBryde v. Lumber Co.,* 246 N.C. 415, 98 S.E. 2d 663.

The doctrine of primary-secondary liability cannot arise where an original defendant alleges that the one whom he would implead as a third-party defendant is solely liable to plaintiff. *Greene v. Laboratories, Inc.,* 254 N.C. 680, 691, 120 S.E. 2d 82, 89; *Walker v. Loyall,* 210 N.C. 466, 187 S.E. 565; *Bargeon v. Transportation Co.,* 196 N.C. 776, 147 S.E. 299; *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761. Obviously, if a plaintiff sues defendant *A* when the negligence of *B* is the sole proximate cause of plaintiff's injuries and *A* has no derivative, or imputed, liability for the acts of *B*, *A* is not liable to the plaintiff and therefore not entitled to indemnity from *B*. If, on the other hand, *A* and *B* are *in pari delicto*, *A*'s remedy is against *B* for contribution; he may not have indemnity. *Crowell v. Air Lines,* 240 N.C. 20, 81 S.E. 2d 178; *Newsome v. Surratt, supra; Taylor v. Construction Co.,* 195 N.C. 30, 114 S.E. 492; *Doles v. R. R.,* 160 N.C. 318, 75 S.E. 722.

The rights of contribution and indemnity are mutually inconsistent; the former assumes joint fault, the latter only derivative fault. Although a defendant may plead inconsistent defenses, *Woods v. Turner,* 261 N.C. 643, 135 S.E. 2d 664; *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434, appellants here have not done so, nor does it appear that they could. According to the facts alleged in their answer, admitted to be true for the purpose of this demurrer, negligence of Whitehurst was the sole proximate cause of plaintiffs' damage. Whitehurst had created a potentially dangerous situation of which he failed to give warning when he had a duty to warn Hamill. *Williams v. Stores Co., Inc.,* 209

N.C. 591, 184 S.E. 496. If Whitehurst failed to give the warning, Hamill was guilty of no actionable negligence and plaintiffs could not recover against appellants, the only defendants whom they have sued. If, however, Whitehurst warned Hamill, appellants are solely responsible to plaintiffs. Between appellants and Whitehurst there existed no contractual relation from which Whitehurst's negligence could be imputed to them; so they have no derivative liability for his acts.

One defendant may not substitute another party for himself by alleging the sole negligence of the other as the proximate cause of a plaintiff's injuries. Since an original defendant may implead a third-party defendant only for the purpose of contribution or indemnity, and appellants have stated no cause of action for either against appellee, the ruling of the court below sustaining the demurrer is

Affirmed.