MRS. JESSE LEE HENDRICKS, Plaintiff, v. LESLIE FAY, INC., DAVID J. NORMAN, and MICHAEL VALLON, Original Defendants, and PINKERTON'S, INC., Additional Defendant.

(Filed 28 February, 1968.)

**1. Pleadings § 8—**

Whether defendant stated a permissible cross-action against a party sought to be joined as an additional defendant is determinable by the factual allegations in the pleading and not by the legal conclusions.

**2. Negligence § 9—**

Primary and secondary liability between defendants exists only when they are jointly and severally liable to plaintiff and the one passively negligent is exposed to liability through the active negligence of the other or the one is derivatively liable for the negligence of the other, and the doctrine cannot arise if one defendant is solely liable to plaintiff.

**3. Master and Servant § 20—**

A contractee generally is not liable for the torts of an independent contractor, but in certain cases involving non-delegable or non-assignable duties the employer may be held vicariously liable for the tort of the independent contractor, although the employer has done everything that could be reasonably required of him.

**4. Same; Principal and Agent § 9—**

The duties performed by a private detective firm in maintaining a security watch over the property and the employees of a principal are nondelegable, and the firm has the status of an agent and not of an independent contractor in the performance of its duties, and the liability of the detective firm for the malicious prosecution or the false arrest of an employee of the principal is imputable to the principal under the doctrine of *respondeat superior.*

**5. Negligence § 9; Torts § 6—**

Where one of two persons is liable to the injured party for the wrongdoing of the other solely by reason of constructive or technical fault imposed by law, as under the doctrine of *respondeat superior,* the person whose liability is secondary, upon payment by him of the injured party's recovery, is entitled to recover full indemnity against the primary wrongdoer.

**6. Negligence § 9; Pleadings § 8—**

Where a party secondarily liable under the doctrine of *respondeat superior* is sued alone, he is entitled to set up a cross-action for indemnity against the party primarily liable and have the matter adjudicated in that action.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by Pinkerton's, Inc., additional defendant, from *Campbell, J.,* June 1967 Session of CATAWBA, docketed and argued as No. 362 at Fall Term 1967.

Plaintiff instituted this action against Leslie Fay, Inc., hereafter called Fay, David J. Norman and Michael Vallon to recover damages, actual and punitive. In brief summary, plaintiff alleged: On February 5, 1966, she was an employee of Fay at its plant in Lincolnton, North Carolina, where Norman was Fay's security guard and Vallon was Fay's plant manager. Norman and Vallon falsely and maliciously charged plaintiff with the larceny of knitted goods of Fay of a value less than fifty dollars. They wilfully and maliciously caused a warrant for said criminal offense to be issued for plaintiff. Plaintiff was arrested on said warrant and taken to jail. No witnesses appeared to testify against plaintiff and said criminal action was dismissed. Norman and Vallon acted within the scope of their employment as agents of Fay.

Separate answers were filed by Fay, Norman and Vallon. The answers of Norman and of Vallon are not germane to this appeal. Fay, after answering, alleged "A First Further Answer and Defense" and "A Second Further Answer and Defense and . . . Cross-Action against Pinkerton's, Inc," containing allegations summarized in the opinion.

An *ex parte* order making Pinkerton a party defendant in respect of the cross action alleged by Fay was signed by the assistant clerk. Thereupon, Pinkerton moved to strike said cross action on the ground it was not germane to plaintiff's action and constituted a misjoinder of parties and causes of action. After hearing, Judge Campbell entered an order which, "both as a matter of right, and in the sound discretion of the Court," overruled Pinkerton's said motion. Pinkerton excepted and appealed. The appeal relates solely to matters in controversy between Fay and Pinkerton.

*David Clark and Charles D. Randall for original defendant Leslie Fay, Inc., appellee.*

*James C. Smathers and William R. Sigmon for additional defendant appellant.*

BOBBITT, J.   If the facts alleged by plaintiff are established, the tortious conduct of Norman and of Vallon, acting jointly and concurrently as agents of Fay, was responsible for plaintiff's injury and damage. Assuming, but not deciding, that Norman was the agent of Pinkerton and *not* the agent of Fay, and that the tortious conduct of Norman, as agent of Pinkerton, *and* of Vallon, as agent of Fay, was responsible for plaintiff's injury and damage, both Fay and Pinkerton would be liable to plaintiff as joint tort-feasors. However,

Fay does not seek contribution from Pinkerton as an alleged joint tort-feasor under the provisions of G.S. 1-240.

Pinkerton is neither a necessary nor a proper party to a full and final determination of the cause of action alleged by plaintiff. The question is whether Fay is entitled *as a matter of right* to join Pinkerton as a defendant in respect of the cross action alleged by Fay against Pinkerton.

Although Fay's first further answer and defense is not referred to in Pinkerton's motion or in Judge Campbell's order, it is noted that Fay alleges therein, in substance, that Pinkerton, under the terms of its contract with Fay, was an independent contractor; that Norman was the agent of Pinkerton, not the agent of Fay; and that any actionable conduct of Norman on February 5, 1966, if imputable to anyone, would be imputable to his employer, Pinkerton, an independent contractor. In this connection, it is noted that plaintiff cannot recover on account of alleged tortious conduct of Norman unless she establishes that Norman was acting as agent of Fay.

In its second further answer and defense and *cross action,* Fay alleges that Pinkerton, under its contract with Fay, agreed to furnish specialized security service at Fay's Lincolnton plant, and did furnish such service in accordance with said contract according to its own means and methods; that Norman, as an employee of Pinkerton, was acting in the course and scope of such employment on February 5, 1966, when he signed the warrant charging plaintiff with petty larceny of knitted goods; that an implied contract on the part of Pinkerton to indemnify Fay for all losses and damages which it might incur and sustain as a proximate result of the conduct of Pinkerton, its agents and employees, while performing and carrying out the terms of its contract with Fay, arose out of said independent contract; that Norman was under the sole and exclusive control of Pinkerton; and that if Fay is liable to plaintiff by reason of the conduct of Pinkerton, or its employee and agent, Fay is entitled to judgment over against Pinkerton for indemnification. In a final paragraph, Fay, in substance, alleges: *If* the court and jury should hold that Pinkerton, at the time of the alleged injury, was the agent of Fay, then, as between Fay and Pinkerton, Fay would be secondarily liable and Pinkerton primarily liable to plaintiff; and that, in such event, Fay is entitled to have the primary liability of Pinkerton adjudicated in this action.

Whether Fay stated a permissible cross action against Pinkerton is determinable on the basis of the facts alleged by Fay rather than on the basis of its legal conclusions. According to the *legal conclusions* asserted by Fay, if plaintiff was injured by Norman's tortious

conduct, Pinkerton, not Fay, is liable therefor. It is well established that "(t)he doctrine of primary-secondary liability cannot arise where an original defendant alleges that the one whom he would implead as a third-party defendant is solely liable to plaintiff." *Edwards v. Hamill,* 262 N.C. 528, 531, 138 S.E. 2d 151, 153, and cases cited. Moreover, as stated by Sharp, J., in *Edwards v. Hamill, supra:* "Primary and secondary liability between defendants exists only when: (1) they are jointly and severally liable to the plaintiff (citations); and (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former. (Citations.)" Hence, before Fay can establish a right to indemnity from Pinkerton, Fay must allege and prove (1) that Pinkerton, by reason of the tortious conduct of Norman, its agent, is liable to plaintiff, and (2) that Fay's liability to plaintiff is derivative, that is, based on the tortious conduct of Pinkerton through Norman, Pinkerton's agent.

"For the torts of an independent contractor, as distinguished from a servant, it has long been said to be the general rule that there is no vicarious liability upon the employer." Prosser on Torts, 3rd Ed., § 70, p. 480. Fay's first further answer and defense is based on this general rule. If this general rule were applicable, the plaintiff could not recover from Fay for the tortious conduct of Norman if Norman were acting exclusively as agent of Pinkerton, an independent contractor; and, absent a recovery by the plaintiff against Fay, there would be no basis for any cross action by Fay against Pinkerton. However, in respect of certain duties, an employer cannot absolve itself from liability by delegating the performance thereof to an independent contractor.

As stated in Prosser, *op. cit.,* § 70, p. 483; "But the cases of 'non-delegable duty' . . . hold the employer liable for the negligence of the contractor, although he has himself done everything that could reasonably be required of him. They are thus cases of vicarious liability."

The crucial question is whether the duty committed by Fay to Pinkerton under the contract alleged by Fay is a "non-delegable" or "non-assignable" duty. If so, Pinkerton, the contractor, has the status of an agent of Fay in respect of the performance thereof and liability for the tortious conduct of Pinkerton and its agents, including Norman, would be imputed to Fay. Annotation: "Liability of employer as predicated on the ground of his being subject to a non-

delegable duty in regard to the injured person." 23 A.L.R. 984 *et seq.,* and supplemental decisions.

In *Adams v. F. W. Woolworth Co.,* 144 Misc. 27, 257 N.Y.S. 776, the plaintiff, a customer in the defendant's store, recovered damages for false arrest. The defendant contended the plaintiff's arrest was caused by employees of one Lowenthal, who had contracted to provide the defendant with detective service. In rejecting this contention, the Court said: "A store owner who places a detective agency on his premises for the purpose of protecting his property by various means, including arrests, should not be immune from responsibility to an innocent victim of a false arrest made by the detective agency, even as an independent contractor." The rationale of this decision is set forth in the opinion of Rosenman, J., as follows: "There appear to be no direct precedents on the question of liability for a false arrest made by an independent contractor detective agency. The tendency of our law, indicated above, would, however, clearly be toward the imposition of vicarious responsibility. Customers of Woolworth Company are invited into the store to buy its merchandise, for the profit of Woolworth Company. Can it be said that Woolworth Company can disclaim all duty of protecting them from the tortious acts of detectives brought by it into its own premises for the very purpose, among others, of making arrests of its customers? This is not the case of a contractor doing his work negligently. Where negligence is the sole basis of liability, the doctrine of *respondeat superior* has been held inapplicable to independent contracts. Negligence does not enter into the tort of false arrest. The act itself, if not justified under the statute (section 183, Code of Criminal Procedure), is tortious, irrespective of negligence. Lowenthal was brought onto the premises to watch and also to arrest. Immunity from vicarious liability would permit any store keeper to subject his customers to the hazards of an irresponsible detective agency without peril to himself. He would obtain all the benefit of the surveillance and punishment of shoplifters; he would be subject to none of the penalties for unjustified or unlawful arrests of law-abiding citizens. The opportunities for gross injustice afforded by such a doctrine are too manifest to permit its incorporation into the jurisprudence of our state, without compelling reason."

In *Clinchfield Coal Corporation v. Redd,* 123 Va. 420, 434, 96 S.E. 836, 840, where the plaintiff's judgment in an action for malicious prosecution was upheld, the Court, in opinion by Kelly, J., said: "The owner of an operation or enterprise cannot, by securing, through others, special agents, even though they be officers of the law, for the prosecution of offenders around the plant, obtain any immunity

from liability for malicious prosecutions which such owner would not be equally entitled to if he himself directly selected and paid the agents and expressly retained the power of control and removal. When he undertakes these functions, his duties are personal and non-assignable, and, where he arranges for and accepts the service, he will not be permitted to say that the relationship of master and servant does not exist."

In *Szymanski v. Great Atlantic & Pacific Tea Co.,* 74 N.E. 2d 205 (Ohio), it was held that the personal character of the services performed by a store detective "can not be assigned or delegated to an independent contractor and thereby relieve the store owner from liability for illegal acts of such detective to the injury of the store's customers."

In *Halliburton-Abbott Co. v. Hodge,* 44 P. 2d 122 (Okla.), the plaintiff, an employee in the defendant's department store, recovered in an action for false imprisonment. The defendant sought to excuse itself from liability on the ground the alleged tortious conduct was by employees of Willmark Service System, Inc., an independent contractor, and the defendant was not responsible for their acts. Although the decision affirming the plaintiff's recovery is based in part on a determination that the defendant's superintendent participated in the alleged tortious conduct of Willmark's employees, the Court, in opinion by Phelps, J., said: "The weight of authority seems to be that one may not employ or contract with a special agent or detective to ferret out the irregularities of his employees and then escape liability for malicious prosecution or false arrest on the ground that the agent is an independent contractor." Indeed, authority to the contrary has not come to our attention.

Decisions in accord with those cited above include the following: *W. T. Grant Co. v. Owens,* 149 Va. 906, 141 S.E. 860; *Zentko v. G. M. McKelvey Co.,* 88 N.E. 2d 265 (Ohio).

In our opinion, and we so decide, the duties committed by Fay to Pinkerton by the terms of the contract alleged by Fay were "non-delegable" or "non-assignable"; that Pinkerton has the status of agent of Fay in respect of the performance thereof; and that liability for tortious conduct of Pinkerton and its agents, including Norman, while engaged in such performance, is imputable to Fay under the doctrine of *respondeat superior.*

"Where two persons are jointly liable in respect to a tort, one being liable because he is the actual wrongdoer, and the other by reason of constructive or technical fault imposed by law, the latter, if blameless as between himself and his co-tortfeasor, ordinarily will be allowed to recover full indemnity over against the actual wrong-

doer." *Hayes v. Wilmington,* 243 N.C. 525, 543, 91 S.E. 2d 673, 686. Thus, "where liability has been imposed on the master because of the negligence of his servant, and the master did not participate in the wrong and incurs liability solely under the doctrine of *respondeat superior,* the master, having discharged the liability, may recover full indemnity from the servant." *Ingram v. Insurance Co.,* 258 N.C. 632, 635, 129 S.E. 2d 222, 225. And, "(w)here two alleged tort-feasors are sued by the injured party, one may set up a cross-action against the other for indemnity, under the doctrine of primary-secondary liability, and have the matter adjudicated in that action." *Steele v. Hauling Co.,* 260 N.C. 486, 490, 133 S.E. 2d 197, 200. "Moreover, a defendant secondarily liable, when sued alone, may have the person primarily liable brought in to respond to the original defendant's cross-action." *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 131, 63 S.E. 2d 118, 122.

The foregoing leads to this conclusion: Under the facts alleged by Fay, the duties it committed to Pinkerton by the terms of the contract were "non-delegable" or "non-assignable." Fay, therefore, would be liable to plaintiff under the doctrine of *respondeat superior* for tortious conduct of Pinkerton and its agents while engaged in the performance of such duties. Thus, Fay is entitled to have determined in this cause the issue of primary and secondary liability as between Fay and Pinkerton in respect of any loss incurred by Fay based on tortious conduct of Norman while acting exclusively as employee and agent of Pinkerton.

For the reasons stated, the order of the court below is affirmed.

Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.