SHARON E. ANDERSON, BY HER NEXT FRIEND, EMERY ANDERSON v. RAWLEIGH W. ROBINSON, D/B/A ROBINSON BROTHERS MOTOR CO., AND JAMES A. JENKINS

No. 110

(Filed 31 January 1969)

**1. Negligence § 11— primary and secondary liability**

Primary and secondary liability between defendants exists only when (1) they are jointly and severally liable to the plaintiff, and (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former.

**2. Pleadings § 19; Negligence § 10; Torts § 2— allegation of joint and concurring negligence**

Allegation by plaintiff that defendants jointly and concurrently proximately caused her injuries is a conclusion of the pleader and is not admitted by demurrer.

**3. Indemnity § 3; Pleadings § 14; Torts § 3— establishing right to indemnity from another defendant**

In order for one defendant to establish a right to indemnity from a second defendant, he must allege and prove (1) that the second defendant is liable to plaintiff, and (2) that the first defendant's liability to plaintiff is derivative, that is, based on tortious conduct of the second defendant, or that the first defendant is only passively negligent but is exposed to liability through the active negligence of the second defendant.

4. **Negligence § 25;    Pleadings § 14;    Torts § 3— action in tort — rights inter se of defendants — cross-action for breach of warranty**

In an action for personal injuries against an automobile driver and the used car dealer who sold the automobile to the driver, where plaintiff alleged defendant driver was negligent (1) in the actual operation of the automobile and (2) in failing to inspect the brakes to determine whether they were adequate before driving on the highways, defendant driver is not entitled to maintain a cross-action against defendant car dealer based on breach of express and implied warranty that the automobile was free of mechanical defects, since under plaintiff's allegations the driver will not be entitled to indemnification from the car dealer but will be held liable for plaintiff's injuries only because of his own active negligence.

ON writ of *certiorari* to the North Carolina Court of Appeals. Same case below reported in 2 N.C. App. 191, 162 S.E. 2d 700.

This is a civil action commenced by the minor plaintiff against the defendants for alleged injuries which she sustained in an automobile accident on July 19, 1966. Plaintiff was a guest passenger in a 1962 Chevrolet automobile owned and operated by the defendant Jenkins, and purchased by defendant Jenkins from the defendant Robinson, a used car dealer, a few hours before the accident. The accident occurred at about 3 p.m. on a rainy afternoon when the Chevrolet automobile, traveling in a southerly direction on Dockery Road in Buncombe County, left the pavement and overturned near the intersection of Dockery Road and R.P.R. 1003. Plaintiff alleged specific acts of negligence against each defendant.

As to the defendant Jenkins, the driver and owner of the automobile, plaintiff alleged that he drove the automobile upon the highways when he knew or should have known that it had not been inspected as required by State law, and without personally inspecting it for mechanical defects; that he drove at a speed greater than was reasonable and prudent under the circumstances, and failed to reduce speed when approaching an intersection and attempting to make a turn; that he failed to keep his automobile under control and to keep a proper lookout; and that he drove carelessly and recklessly without due regard to the safety of others on the highway. Plaintiff alleged that the negligence of the defendant Jenkins was a proximate cause of the injuries sustained by her.

As to the defendant Robinson plaintiff alleged that he sold the Chevrolet automobile to Jenkins and allowed him to drive it upon the highways of the State when he knew or should have known that the brakes were inadequate and defective; that he sold the car without first having it inspected as required by State law; and that he failed to have the brakes repaired after having been notified of their defective condition.

Plaintiff alleged that the negligence of the defendant Robinson was a proximate cause of the injuries sustained by her.

Plaintiff alleged that the negligence of each defendant "joined in and concurred in force and effect" with the negligence of the other, and that said negligence was the sole proximate cause of the injuries sustained by her. Plaintiff prayed that she have and recover of the defendants, jointly and severally, damages in the sum of $100,000.

Robinson in his answer denied any negligence, and as a further answer and defense alleged that the defendant Jenkins had operated the car several times before he purchased it, that the brakes seemed to be in good condition, and that said automobile was inspected as required by law and said inspection revealed no brake defects.

In his answer defendant Jenkins denied any negligence on his part, and as a first answer and defense alleged that the accident resulted solely from unexpected brake failure, which occurred without prior notice or warning of any kind. As a second further answer and defense and by way of cross-action against his co-defendant, he alleged that Robinson expressly and impliedly warranted said motor vehicle to be free of mechanical defects, and that the accident resulted solely and exclusively from the conduct of the defendant Robinson in failing to properly inspect and service the car when he knew or should have known the defective condition of the brakes. Jenkins alleged that, if he is adjudged liable in any way, he is entitled to recover from Robinson "complete and full indemnification therefor by reason of the representations and warranties hereinabove set forth and by reason of the primary negligence" of Robinson. Jenkins prays that if he be adjudged liable, then he is entitled to recover "indemnification therefor against the co-defendant, . . . and that said co-defendant be adjudged primarily liable to the plaintiff, and this defendant, at most, only secondarily liable."

Defendant Robinson moved to strike all the "second further answer and defense and cross-action" from defendant Jenkins' answer. The motion was allowed by the trial court. Jenkins appealed. In the North Carolina Court of Appeals a panel of the Court rendered a unanimous decision written by Campbell, J., affirming the decision of the lower court. In its opinion the Court of Appeals used this language in substance: This case is clearly within the doctrine and holding of *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82, where all the various views are clearly set forth in the decision written for a divided court by Justice Moore. In closing its opinion the Court of Appeals said this: "We can add nothing to what has

been said in *Greene v. Laboratories* where the subject is covered in complete detail."

Defendant Jenkins filed a petition for a writ of *certiorari* in this Court, which we allowed.

*Williams, Williams and Morris by James F. Blue, III, for defendant Jenkins, appellant.*

*Van Winkle, Buck, Wall, Starnes & Hyde by O. E. Starnes, Jr., and Scott N. Brown, Jr., for defendant Robinson, appellee.*

PARKER, C.J.

[1] Jenkins' goal, as alleged in his stricken "second further answer and defense and cross-action," is complete exoneration or indemnity, not contribution under G.S. 1-240. He has alleged that the accident was caused solely and completely by the negligence of his co-defendant. As stated by Sharp, J., in *Edwards v. Hamill*, 262 N.C. 528, 531, 138 S.E. 151, 153: "Primary and secondary liability between defendants exists only when: (1) they are jointly and severally liable to the plaintiff [citations]; and (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former. [citations]."

[2] Allegation by the plaintiff in her complaint that the defendants jointly and concurrently proximately caused her injuries is a conclusion of the pleader, and is not admitted by demurrer. *Ballinger v. Thomas*, 195 N.C. 517, 142 S.E. 761.

[3] Before Jenkins can establish a right to indemnity from Robinson, he must allege and prove (1) that Robinson is liable to plaintiff, and (2) that Jenkins' liability to plaintiff is derivative, that is, based on the tortious conduct of Robinson, or that Jenkins is only passively negligent but is exposed to liability through the active negligence of Robinson. *Hendricks v. Fay, Inc.*, 273 N.C. 59, 159 S.E. 2d 362.

[4] In his answer and cross-claim, Jenkins alleged that the sole cause of the accident was the negligence and breach of warranty by defendant Robinson. Jenkins is entitled to indemnification from Robinson only if he is held liable for an obligation for which Robinson is primarily liable. Plaintiff in her complaint alleged two distinct areas in which Jenkins was negligent: (1) In the actual driving of

the automobile, and (2) in failing to inspect the car before driving it on the highways.

If the jury should find Jenkins liable on the grounds that he was guilty of negligence in driving, that being the proximate cause of the accident, then clearly he would have no cause of action over against Robinson. If the jury should find that Jenkins was negligent in failing to test the brakes and determine that they were adequate before driving on the highways, and that by such testing and inspection he could have discovered the defect, then he would have no right to indemnity from Robinson. On the other hand, if the jury should find that Jenkins was not guilty of negligent driving, and that the condition of the brakes could not reasonably have been discovered by him, then the accident would in fact have been due to "sudden and unexpected brake failure," as alleged in his answer, and Jenkins would not be liable. Thus, if Jenkins is held answerable for the plaintiff's injuries under the facts as alleged it will be because of his own active negligence, and he will therefore not be entitled to indemnification from Robinson.

Any cross-action Jenkins has attempted to allege against Robinson for breach of warranty cannot be litigated in plaintiff's tort action, since it is not germane thereto. *Steele v. Hauling Co.*, 260 N.C. 486, 133 S.E. 2d 197; *Greene v. Laboratories, Inc., supra;* McIntosh, N. C. Practice and Procedure, 2d ed., § 1244.5.

It should be noted that the new Rules of Civil Procedure, effective July 1, 1969, authorize a much wider range of cross-actions between co-parties than heretofore permissible. See Rule 13(g). Compare, e.g., *Greene v. Laboratories, Inc., supra.*

The decision of the Court of Appeals is correct, but we think that it should have been based upon the precise point that we have based our decision on, instead of relying generally upon *Greene v. Laboratories, Inc., supra,* where many different principles of law are discussed.

Affirmed.