HARTRICK ERECTORS, INC. v. MAXSON-BETTS, INC.

[98 N.C. App. 120 (1990)]

---

HARTRICK ERECTORS, INC. v. MAXSON-BETTS, INC.

No. 8928SC605

(Filed 3 April 1990)

**Indemnity § 3.1 (NCI3d)— defective glass installed by subcontractor at contractor's direction—sufficiency of complaint to state action for indemnity**

Plaintiff's complaint was sufficient to state a cause of action for indemnity where plaintiff subcontractor alleged that it was under the direct supervision and control of defendant contractor, was supplied damaged glass by defendant, and was instructed by defendant to install the damaged glass; the glass was blown out by high winds and injured a worker employed by neither party; and plaintiff was compelled to reimburse the workers' compensation carrier which had paid the injured worker.

**Am Jur 2d, Indemnity § 24.**

**HARTRICK ERECTORS, INC. v. MAXSON-BETTS, INC.**

[98 N.C. App. 120 (1990)]

APPEAL by plaintiff from order entered 14 February 1989 by *Judge Hollis M. Owens, Jr.,* in BUNCOMBE County Superior Court. Heard in the Court of Appeals 14 November 1989.

This is an action for indemnity. Plaintiff is a subcontractor who was hired by defendant to perform work on defendant's hospital construction project. In its complaint plaintiff made the following allegations: It performed labor "under Defendant's direct supervision and control on a costs plus basis"; defendant provided it with damaged glass, instructed it to install the damaged glass, and supervised its installation of the damaged glass. The glass was to be reglazed later. After it was installed but before the damaged glass was reglazed, high winds caused some of the glass to fall out, hitting and injuring a construction worker who was not employed by either plaintiff or defendant. The injured worker received workers' compensation benefits and the workers' compensation insurance carrier demanded reimbursement from plaintiff. Plaintiff then requested contribution towards the defense and payment of the claim, but defendant refused to pay any portion of the injured worker's claim. In April 1986 plaintiff was eventually compelled to pay the insurance carrier $37,500.

Plaintiff then brought this action against defendant for recovery of the sum paid to the insurance carrier based upon the theory that the "accident was caused by the primary and active negligence of the Defendant; and Plaintiff's negligence, if any, was only secondary and passive." On that theory plaintiff sought indemnification from defendant for the sum of $37,500. Defendant moved to dismiss the action pursuant to Rule 12(b)(6) on the grounds that plaintiff failed to state a claim upon which relief could be granted. In its motion defendant stated that plaintiff admitted in its complaint that it installed the glass and that "the action of the Plaintiff's was, by definition, active and cannot, by definition be passive." The trial court granted defendant's motion to dismiss. Plaintiff appeals.

*Steven Andrew Jackson for plaintiff-appellant.*

*Roberts, Stevens and Cogburn, by Steven D. Cogburn and Marjorie Rowe Mann, for defendant-appellee.*

EAGLES, Judge.

Plaintiff's sole assignment of error is whether the trial court erred in granting defendant's motion to dismiss on the grounds

that plaintiff failed to state a claim upon which relief could be granted. Plaintiff contends that it has properly alleged a claim for indemnity in its complaint. Plaintiff further contends that it acted "solely under the direction and control of Defendant." Plaintiff argues that defendant provided the damaged glass and that plaintiff installed the glass under defendant's supervision. Plaintiff contends that because it "passively followed the Defendant's instructions in installing the glass," plaintiff now has a proper claim for indemnity. We agree.

Initially we note that "[a] complaint may be dismissed on motion filed under Rule 12(b)(6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim." *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1981).

"Tort law provides for indemnity of one secondarily liable by one who is primarily liable." *In re Huyck Corp. v. Mangum, Inc.*, 309 N.C. 788, 793, 309 S.E.2d 183, 187 (1983). "Primary and secondary liability between defendants exists only when (1) they are jointly and severally liable to the plaintiff, and (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other, or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former." *Ingram v. Smith*, 16 N.C. App. 147, 152, 191 S.E.2d 390, 394, *cert. denied*, 382 N.C. 304, 192 S.E.2d 195 (1972), citing *Edwards v. Hamill*, 262 N.C. 528, 138 S.E.2d 151 (1964).

Our research discloses no cases directly on point. Plaintiff in a memorandum of additional authority has cited *Sullivan v. Smith*, 56 N.C. App. 525, 289 S.E.2d 870, *disc. rev. denied*, 306 N.C. 392, 294 S.E.2d 220 (1982), *reconsideration denied*, 294 S.E.2d 741 (1982), as grounds for reversing the trial court. In *Sullivan*, this court discussed whether a general contractor had a right to indemnity from a subcontractor. In *Sullivan*, defendant Smith was the general contractor in construction of a house. Smith hired defendant Hooker to construct a fireplace and chimney. Plaintiffs sued both defendants for damages resulting from a fire which spread from the fireplace to other parts of plaintiffs' property. Before trial, plaintiffs released defendant Hooker and dismissed the action against him. At trial,

the trial court ruled in favor of plaintiffs and subsequently granted defendant Smith's motion for judgment notwithstanding the verdict (j.n.o.v.). Plaintiffs appealed from the trial court's decision. This court noted that our Supreme Court by denial of certiorari in *Lindstrom v. Chesnutt*, 15 N.C. App. 15, 189 S.E.2d 749, *cert. denied*, 281 N.C. 757, 191 S.E.2d 361 (1972), approved the principle enunciated in the following jury instruction:

> "[The contractor]" would be responsible for any actions of his subcontractors either in failing to use good quality materials or to construct in a workmanlike manner, or any negligent conduct on their part, if he knew or reasonably should have known as a general contractor or builder of the house of those conditions. He is not to be responsible for any such things which a reasonable man in his position as builder and contractor of the house would not have discovered, but the mere fact that work was done by a subcontractor does not relieve the contractor of responsibility if he by the exercise of reasonable care knew or should have known of those conditions.

*Id.* at 528, 289 S.E.2d at 872. The *Sullivan* court stated that a general contractor could be actively negligent in the exercise of, or failure to exercise, his duty of supervision of the subcontractor. *Id.* at 531, 289 S.E.2d at 874. However, the court held that " '[i]t has long been . . . the general rule that there is no vicarious liability upon the employer' for the torts of an independent contractor." *Id.* at 532, 289 S.E.2d at 874. Accordingly, "defendant Smith was not 'derivatively liable' for the negligence of defendant Hooker." *Id.*

We believe that *Sullivan* is factually distinguishable from the instant case. Here, the subcontractor and not the general contractor is seeking indemnification. The holding in *Sullivan* should not preclude an independent contractor from seeking indemnity from the general contractor upon a proper factual basis. While plaintiff alone did the act producing the injury (installing the glass) defendant was the supervisor of the plaintiff who allegedly instructed plaintiff to install the damaged glass with knowledge that it was already damaged. Accordingly, on this record, defendant is derivatively liable for the negligence of plaintiff. We find several cases from other jurisdictions persuasive on this point.

HARTRICK ERECTORS, INC. v. MAXSON-BETTS, INC.

[98 N.C. App. 120 (1990)]

In *Richard v. Illinois Bell Telephone Co.*, 66 Ill. App. 3d 825, 840, 383 N.E.2d 1242, 1255 (1978), an Illinois appellate court stated that "in situations wherein one party controls or instructs another party and an accident results, the controlling party may be held actively negligent and the obeying party passively negligent. This obtains even though the obeying party actually committed the act which caused the injury." "[A]ction or movement, under some circumstances, could be passive negligence." *Id.* at 844, 383 N.E.2d at 1257. The Illinois court further stated that "[c]ategorizing negligence as active or passive, involves making a 'qualitative distinction between the negligence of two tortfeasors.'" *Id.* at 843, 383 N.E.2d at 1257. *See also Lundy v. Whiting Corp.*, 93 Ill. App. 3d 244, 417 N.E.2d 154 (1981).

In *Hawkins Construction v. First Federal Savings and Loan Association*, 416 F. Supp. 388 (S.D. Iowa 1976), a federal district court in Iowa recognized as one of the four situations where one negligent person could be indemnified by another is "[w]here the one seeking indemnity has incurred liability by action at the direction, in the interest of and in reliance upon the one sought to be charged." *Id.* at 396, citing Restatement of Restitution, section 90.

In its complaint plaintiff has alleged that it was under the direct supervision and control of defendant and was instructed by defendant to install the damaged glass. Since under the rationale of *Sullivan*, a general contractor can be "actively negligent in the exercise of, or failure to exercise, his duty of supervision of the subcontractor," we find plaintiff's complaint sufficient to state a cause of action for indemnity.

Accordingly, we reverse the decision of the lower court and remand for further proceedings.

Reversed and remanded.

Judges PARKER and ORR concur.