A. B. KING v. CYNTHIA J. MOTLEY, FRED MOTLEY, JR., AND
C. FRANK McLEESE, JR.

(Filed 13 December, 1950.)

1. **Pleadings § 19c—**

   A demurrer tests the sufficiency of a pleading, liberally construed and admitting the allegations of fact contained therein and relevant inferences of fact necessarily deducible therefrom, and the demurrer will not be sustained unless the pleading is fatally defective. G.S. 1-151.

2. **Automobiles § 24c—**

   Allegations to the effect that appealing defendant had possession of the automobile in question for his use and enjoyment, that the driver was operating same as his servant and agent and under his direction, and that the appealing defendant was a passenger therein when the driver committed an assault upon plaintiff police officer with his fist and by means of reckless driving in order to escape arrest of them both by the officer, *is held* sufficient to state a cause of action against appealing defendant for assault on the theory of *respondeat superior.*

3. **Master and Servant § 22c—**

   The master is liable for injury inflicted by his servant upon a third person, whether malicious or negligent, when the tort is committed by the servant while acting within the course and scope of his employment.

4. **Appeal and Error § 40f—**

   Exception to the refusal of motion to strike certain allegations from the complaint overruled on this appeal.

APPEAL by defendant Fred Motley, Jr., from *Patton, Special Judge,* at 18 September, 1950, Extra Civil Term of MECKLENBURG.

Civil action to recover damages for an alleged "willful, wanton and reckless assault of the defendant McLeese, Jr., in seeking to avoid the arrest of himself and his companion," heard in Superior Court upon motion of defendants Cynthia J. Motley and Fred Motley, Jr., to strike certain portions of the complaint, and upon their demurrer *ore tenus* to the complaint of plaintiff.

Upon hearing in Superior Court the motion to strike was allowed in part, and disallowed in part. The portion disallowed is shown within the parentheses in the following material allegations set forth in the complaint, in part summarily stated: That at times hereinafter stated a certain Ford automobile, known as a "hot rod," of which defendant Cynthia J. Motley was the registered owner, was in the possession and control of her son, the defendant Fred Motley, Jr., being delivered to him by his mother for his use and enjoyment:

"6. That on or about the 7th day of May, 1950, the defendant Fred Motley, Jr., was being driven about the city of Charlotte by his servant and agent, the defendant C. Frank McLeese, Jr., who had been directed by the said Motley to drive the car (because the defendant Motley had been drinking during the afternoon and feared that his license might be revoked if he were caught driving under these circumstances).

"7. That at about 9 p.m. on the aforesaid day the plaintiff A. B. King, . . . a member of the Charlotte police force and . . . on duty . . . with a fellow officer . . . observed the defendant's automobile pass him at the junction of Providence and Caswell Roads in the City of Charlotte at such an excessive rate of speed that they turned around and pursued the car to make an arrest for speeding.

"8. That the defendants Motley, Jr., and McLeese, Jr., drove into . . . a dead end street . . . off of Providence Road about four blocks from the intersection with Caswell.

"9. That the defendants turned their car around and started back out toward Providence Road. When their path was obstructed by the police car, the two cars collided and the defendant McLeese, Jr., allowed their car to roll slowly backwards as the plaintiff approached them.

"10. That the plaintiff proceeded from the squad car to the defendants' car for the purpose of arresting the defendants and as he reached the defendants' car, he placed his elbows over the front left door sill of the said car next to the driver McLeese, Jr., and began to question the occupants.

"11. That suddenly and without any warning or sign whatsoever to the plaintiff, the defendant McLeese, Jr., released the clutch and the car shot forward around the police car accelerating at a violent rate of speed.

"12. That the plaintiff was unable to release his grip upon the door of the defendants' car for fear of falling under it and being run over and, as the plaintiff continued to clutch the car, the defendant McLeese, Jr., beat the plaintiff about the head with his fist and hands in an attempt to force the plaintiff to loosen his hold.

"13. That as the plaintiff clung to the defendants' car, the defendant McLeese, Jr., raced it wildly up the street accelerating from zero to a rate of 50 or 60 miles an hour within a space of 300 or 400 yards, continuing to beat and maul the plaintiff in the face, and finally gouging the plaintiff in the eye with his thumb so violently that the plaintiff was forced to release his hold and fall to the street.

"14. That as a result of the plaintiff's efforts to prevent himself from being killed by the wilful, wanton and reckless assault of the defendant McLeese, Jr., in seeking to avoid the arrest of himself and his companion, this plaintiff was dragged along the street for a distance of 3 or 4 hundred yards and finally thrown to the ground . . ." to his injury in respects stated.

"15. That by reason of the negligence of the defendants as herein alleged, the plaintiff has suffered great injury to his person and has been in great pain and mental anguish all to his great injury and detriment."

The demurrer of defendants Motley is upon the grounds: That the complaint does not state facts sufficient to constitute a cause of action against defendants Cynthia J. Motley and Fred Motley, Jr., or either of them, in that in pertinent part, it appears upon the face of the complaint (a) "that the injuries and damages, if any, sustained by the plaintiff were due solely and proximately to the alleged willful, wanton and reckless assault of the defendant C. Frank McLeese, Jr."; (b) "that the plaintiff was not injured or damaged by any negligence, act or conduct of the defendants Cynthia J. Motley and Fred Motley, Jr., or either of them"; (c) "that the automobile in question was at all times being driven by the defendant C. Frank McLeese, Jr., and not by these defendants, or either of them."

The presiding judge of Superior Court, upon hearing on demurrer, being of opinion, and holding, that the demurrer of defendant Cynthia J. Motley should be sustained, but that that of defendant Fred Motley, Jr., should be overruled, so adjudged in order entered of record.

Defendant Fred Motley, Jr., excepted (1) to the ruling in respect of the motion to strike as stated, and (2) to the order overruling his demurrer, and appeals therefrom to the Supreme Court, and assigns error.

*Shannonhouse, Bell & Horn and Ray W. Bradley, Jr., for plaintiff, appellee.*

*Helms & Mulliss for defendant, appellant.*

WINBORNE, J. "The office of demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact contained therein; and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted . . .," *Stacy, C. J.,* in *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761. See also *McCampbell v. Building & Loan Asso.,* 231 N.C. 647, 58 S.E. 2d 617, and cases there cited.

The statute G.S. 1-151 requires that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties." And the decisions of this Court, applying the provisions of this statute, hold that every reasonable intendment is to be made in favor of the pleader. A pleading must be fatally defective before it will be rejected as insufficient. See *McCampbell v. Building and Loan Asso., supra,* and cases cited.

Applying these principles to the allegations of the complaint in the present case, we are unable to say that in no view it fails to state a cause of action against the defendant Fred Motley, Jr.

There is allegation that the automobile in question was in the possession and control of defendant Fred Motley, Jr., for his use and enjoyment; that defendant McLeese was driving the automobile as the servant and agent of defendant Fred Motley, Jr., and by his direction; that defendant Fred Motley, Jr., was riding in the automobile; and that defendant McLeese not only willfully, wantonly, and recklessly assaulted plaintiff with his fist, but so operated the automobile at unlawful rate of speed and wildly as to cause injury to plaintiff, and that by reason thereof plaintiff has suffered injury.

The allegation is sufficient to support a finding that the relationship of master and servant, or of principal and agent, existed between defendant Fred Motley, Jr., and defendant McLeese.

And it is elementary that the master is liable for the acts of his servant and the principal for the acts of his agent, whether malicious or negligent, which result in injury to third persons, when the servant or agent is acting within the line of his duty and exercising the functions of his employment. *Roberts v. R. R.,* 143 N.C. 176, 55 S.E. 509; *Dickerson v. Refining Co.,* 201 N.C. 90, 159 S.E. 446, and numerous other cases.

"A servant is acting in the course of his employment, when he is engaged in that which he was employed to do, and is at the time about his master's business. He is not acting in the course of his employment if he is engaged in some pursuit of his own. Not every deviation from the strict execution of his duty is such an interruption of the course of employment as to suspend the master's responsibility. But if there is a total departure from the course of the master's business, the master is no longer answerable for the servant's conduct." Tiffany on Agency 270, quoted in *Dickerson v. Refining Co., supra.*

"A master is civilly liable for an assault and battery by his servant on the third person if, and only if, it is committed while the servant is acting within the course and scope of his employment." *Ervin, J.,* in *Hoppe v. Deese,* 232 N.C. 698.

And as to the ruling of the Court in reference to the motion to strike, we are of opinion that the portion left in the complaint does not come under the ban of improper pleading. Hence the judgment from which appeal is taken is

Affirmed.