BRIDGESTONE/FIRESTONE, INC., Plaintiff v. OGDEN PLANT MAINTENANCE COMPANY OF NORTH CAROLINA and THE BUDD GROUP, INC., Defendants

No. COA00-400

(Filed 3 July 2001)

**Indemnity— contractual—industrial accident—motion for judgment on the pleadings**

The trial court erred by granting defendants' motion for judgment on the pleadings in plaintiff's contractual claim for indemnity from defendants under N.C.G.S. § 22B-1 arising out of an industrial accident resulting in the death of two individuals and destruction of property during the accident, because: (1) plaintiff is seeking indemnity for costs and sums paid as a result of

BRIDGESTONE/FIRESTONE, INC. v. OGDEN PLANT MAINT. CO. OF N.C.

[144 N.C. App. 503 (2001)]

defendants' negligence, and plaintiff is not attempting to hold defendants responsible for the negligence of plaintiff; (2) there is no admission, finding, or adjudication of negligence on the part of plaintiff in the underlying action; and (3) plaintiff's settlement payment was not voluntary as a matter of law when defendants already settled and plaintiff faced the prospect of costly and protracted litigation as the only remaining defendant in that action.

Judge CAMPBELL concurring in part and dissenting in part.

Appeal by plaintiff from judgment dated 12 February 2000 by Judge W. Russell Duke in Wilson County Superior Court. Heard in the Court of Appeals 5 February 2001.

*Young Moore & Henderson, P.A., by David M. Duke; and Womble Carlyle Sandridge & Rice, P.L.L.C., by Jerry S. Avis and G. Christopher Olson, for plaintiff-appellant.*

*Ragsdale Liggett PLLC, by George R. Ragsdale and Walter L. Tippett, Jr., for defendant-appellee Ogden Plant Maintenance Company of North Carolina.*

*Yates, McLamb & Weyher, L.L.P., by Rodney E. Pettey, for defendant-appellee The Budd Group, Inc.*

WALKER, Judge.

This appeal involves plaintiff's claim for indemnity from defendants arising out of an industrial accident which resulted in the deaths of two individuals. The accident occurred on 9 September 1994 at a tire manufacturing facility, owned by Bridgestone/Firestone, Inc. (plaintiff), in Wilson County, North Carolina.

Plaintiff contracted with Ogden Plant Maintenance Company of North Carolina (defendant Ogden) to maintain the plant and operate its powerhouse, which generated energy for the plant's manufacturing process and included two large fuel storage tanks (tanks). Plaintiff also contracted with Budd Services, Inc. (defendant Budd) to provide security for the plant and to issue "hot work" permits which allowed jobs to be performed by independent contractors who engage in welding or other types of "hot work" at the plant. The contracts between plaintiff and each defendant included a provision obligating each defendant to indemnify plaintiff from any and all losses suffered by plaintiff arising out of defendants' respective acts of negligence at the plant.

BRIDGESTONE/FIRESTONE, INC. v. OGDEN PLANT MAINT. CO. OF N.C.

[144 N.C. App. 503 (2001)]

Prior to 9 September 1994, defendant Ogden determined that two of the tanks needed measuring devices. Defendant Ogden then requisitioned plaintiff for the parts and labor for this job, which included the services of an off-facility independent contractor, A. B. Electric Services, Inc. (ABES), that defendant Ogden had selected. Plaintiff agreed to supply the parts and contracted with ABES to perform the installation of the measuring devices.

On 9 September 1994, ABES arrived at the plant to install the measuring devices. ABES first determined that pipes would need to be attached to the top of each tank to house the measuring devices and therefore requested defendant Budd to issue a "hot-work" permit for the welding necessary to attach the pipes. After defendant Budd issued the permit, ABES employees proceeded with their welding work on top of one of the tanks. During this task, the tank exploded from the heat generated by the welding and resulted in the deaths of both employees as well as the destruction of the tank.

The estates of the deceased welders filed wrongful death suits alleging negligence and gross negligence by plaintiff, defendant Ogden and defendant Budd. Plaintiff's motion for summary judgment was denied. Defendants Ogden and Budd then settled the claims prior to trial and plaintiff settled the claims against it during trial. Plaintiff subsequently filed this action seeking indemnity and/or contribution from defendants for its costs and sums paid to settle the underlying claims. Plaintiff also sought the costs of repair to its property destroyed during the accident. From the trial court's granting of defendants' motions for judgment on the pleadings, plaintiff appeals.

In its assignments of error, plaintiff argues the trial court erred in granting defendants' motions for judgment on the pleadings. Plaintiff contends it is entitled to be indemnified for its costs and sums paid to settle the claims and for its property damage pursuant to indemnity provisions in the contracts with defendants because the accident did not arise from plaintiff's negligence but from the negligence of defendants.

At the outset, we note that when a trial court considers a motion for judgment on the pleadings pursuant to Rule 12(c) of our Rules of Civil Procedure, all allegations in the non-movant's pleadings are deemed admitted. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974) (citations omitted); N.C.R. Civ. P. 12(c) (1999). The motion is granted when the movant, held to a strict standard, shows that "no material issue of [fact] exists and that he is clearly entitled

BRIDGESTONE/FIRESTONE, INC. v. OGDEN PLANT MAINT. CO. OF N.C.

[144 N.C. App. 503 (2001)]

to judgment." Ragsdale, 286 N.C. at 137, 209 S.E.2d at 499, *citing Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 479 F.2d 478 (6th Cir. 1973). The purpose of the motion is to dispose of baseless claims and to ensure that a party is not precluded from a full and fair hearing on the merits. *Id.*

Contractual indemnity provisions in this State are controlled by N.C. Gen. Stat. § 22B-1 (1999), which provides:

> Any promise or agreement in, or in connection with, a contract or agreement relative to the design, planning, construction, alteration, repair or maintenance of a building, structure, highway, road, appurtenance or appliance . . . *purporting to indemnify or hold harmless the promisee*, the promisee's independent contractors, agents, employees, or indemnitees *against liability for damages arising out of bodily injury to persons or damage to property proximately caused by or resulting from the negligence, in whole or in part, of the promisee*, its independent contractors, agents, employees, or indemnitees, *is against public policy and is void and unenforceable.* Nothing contained in this section shall prevent or prohibit a contract, promise or agreement whereby a promisor shall indemnify or hold harmless any promisee or the promisee's independent contractors, agents, employees or indemnitees against liability for damages resulting from the sole negligence of the promisor, its agents or employees . . . .

(emphasis added). In other words, a construction indemnity agreement may purport to indemnify a promisee from damages arising from negligence of the promisor, but any provision seeking to indemnify the promisee from its own negligence is void. "The indemnity provisions to which G.S. § 22B-1 apply are those construction indemnity provisions which attempt to hold one party responsible for the negligence of another." *International Paper Co. v. Corporex Constructors, Inc.*, 96 N.C. App. 312, 315, 385 S.E.2d 553, 555 (1989) (holding that where contract provision which violated N.C. Gen. Stat. § 22B-1 was not a central feature of the contract, the illegal provision was severable from the otherwise valid indemnity contract).

In the instant case, the indemnity provision in the contract between plaintiff and defendant Ogden is as follows in pertinent part:

> Except as provided in Article XIII of this contract, [defendant Ogden] shall indemnify [plaintiff] and save it harmless from dam-

**BRIDGESTONE/FIRESTONE, INC. v. OGDEN PLANT MAINT. CO. OF N.C.**

[144 N.C. App. 503 (2001)]

age to or theft of [plaintiff's] property and from all claims and judgments for injury or death to persons or property damage (including costs of [litigation] and attorney's fees) made or obtained against [plaintiff] by third persons including [plaintiff's] and [defendant Ogden's] employees and agents, based on injuries to person or property, in any manner caused by, incident to, connected with, resulting or arising from the performance of this contract or the presence of [defendant Ogden's] employees, and/or agents on [plaintiff's] premises, *regardless of whether such claims are alleged to be caused by negligence, or otherwise, on the part of [plaintiff] or its employees,* excepting however, injury to or death of employees of [defendant Ogden], from any cause whatsoever.

By this provision, plaintiff seeks indemnity for costs and sums paid as a result of defendant Ogden's negligence. Plaintiff is therefore not attempting "to hold [defendant Ogden] responsible for the negligence of [plaintiff]." *Id.* This indemnity provision does not violate N.C. Gen. Stat. § 22(b)(1).

The indemnity provision in the contract between plaintiff and defendant Budd contains the following language:

[Defendant Budd] will further *indemnify and hold [plaintiff] harmless* from and against any and all liabilities, claims, demands, suits, losses, damages, costs, attorney's fees and expenses for bodily injury to, or death of any person, or damage to or destruction of any property, *caused by any negligent or intentional act or omission on the part of [defendant Budd],* its officers, employees or former employees. Except *[plaintiff] shall not be held harmless* for any such liabilities, claims, demands, suits, losses, damages, costs, attorney's fees and expenses *caused by any negligent or intentional act or omission on the part of [plaintiff],* its officers, employees or agents.

Likewise, this indemnity provision purports to hold defendant Budd responsible for its own negligent acts but not the negligent acts of plaintiff.

In this State, "a principal generally is liable for the negligent acts of his agent which result in injury to another." *Willoughby v. Wilkins,* 65 N.C. App. 626, 633, 310 S.E.2d 90, 95 (1983), *citing King v. Motley,* 233 N.C. 42, 62 S.E.2d 540 (1950). "Generally, there is no vicarious lia-

508    IN THE COURT OF APPEALS

BRIDGESTONE/FIRESTONE, INC. v. OGDEN PLANT MAINT. CO. OF N.C.

[144 N.C. App. 503 (2001)]

bility upon an employer for negligent acts of an independent contractor." *Id.*, *citing Hendricks v. Leslie Fay, Inc.*, 273 N.C. 59, 159 S.E.2d 362 (1968). *But see Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991) (which stated general rule that one who employs an independent contractor is not liable for the independent contractor's negligence but recognized exceptions when: (1) the employer retains the right to control the manner in which the contractor performs his work; and (2) the independent contractor is employed to perform an inherently dangerous activity, because the employer has a continuing responsibility to ensure that adequate safety precautions are taken, which responsibility cannot be delegated to the independent contractor).

As to the question of when an issue of indemnity should be submitted to the jury, this Court has held:

The right to indemnity between defendants arises when liability is imposed upon one defendant for the other's tortious conduct through operation of law, as for example, through the doctrine of *respondeat superior*. Indemnity is not permitted when the defendants are in *pari delicto*, that is, when both defendants breach substantially equal duties owed to the plaintiff. In order to recover indemnity from a second defendant, the first defendant must allege and prove (1) that the second defendant is liable to the plaintiff and (2) that the first defendant's liability to the plaintiff is derivative, that is, based upon the tortious conduct of the second defendant.

*Kim v. Professional Business Brokers*, 74 N.C. App. 48, 51, 328 S.E.2d 296, 299 (1985) (citations omitted) (holding trial court did not err in failing to submit issue of indemnity to jury where multiple defendants were in *pari delicto* and thus not derivatively liable); *See also Anderson v. Robinson*, 275 N.C. 132, 165 S.E.2d 502 (1969).

In its complaint, plaintiff alleges that the accident occurred solely as a result of defendants' negligence. Plaintiff further alleges that if it were in any way liable, it could only be on the "basis of some passive or derivative fault," and thus would be entitled to indemnification. To support this assertion, the complaint also alleges that plaintiff was not involved in the discussion which took place between defendants and ABES regarding the installation job and that plaintiff "was not notified of [the welding] activity and had no personnel present." In their answer, defendants admit discussing the installation job among each other and with ABES, and that plaintiff's personnel were not

BRIDGESTONE/FIRESTONE, INC. v. OGDEN PLANT MAINT. CO. OF N.C.

[144 N.C. App. 503 (2001)]

present during the activity. However, defendants deny that plaintiff was not notified of the activity. Defendants also admit the "hot work" permit to perform the welding was issued without notice to plaintiff but deny the allegation that plaintiff was not included in the coordination of the activity.

Defendants contend plaintiff settled claims of direct and active negligence against it in the underlying action and therefore is not entitled to indemnification. Defendants further contend that because plaintiff has settled claims of direct and active negligence, it cannot recover either under common law or contractual indemnity.

In examining the record before us, there is no admission, finding or adjudication of negligence on the part of plaintiff in the underlying action. All that appears is that plaintiff, for whatever reasons, paid sums to settle the underlying claims.

Defendants cite *City of Wilmington v. Natural Gas Corp.*, 117 N.C. App. 244, 450 S.E.2d 572 (1994), for the proposition that where a party voluntarily pays a claim for which it is not liable, that party is not entitled to indemnity. In that case, the City was required to pay a certain amount of workers' compensation benefits to an individual pursuant to a city ordinance, which also provided that any additional amount paid was within the City's discretion. *Id.* at 250, 450 S.E.2d at 577. Because the City paid additional amounts for which it "was not legally obligated to pay[,]" this Court found its "actions were voluntary" and thus it was not entitled to be indemnified. *Id.*

We distinguish this case from *City of Wilmington*. Plaintiff's settlement in the underlying action came after Ogden and Budd had settled and plaintiff asserts it was faced with the prospect of costly and protracted litigation as the only remaining defendant in that action. We cannot conclude as a matter of law that plaintiff's settlement payment was voluntary. *See Griffin v. Van Norman*, 302 S.C. 520, 397 S.E.2d 378 (1990); *Valloric v. Dravo Corp.*, 178 W. Va. 14, 357 S.E.2d 207 (1987).

Defendant Ogden contends N.C. Gen. Stat. § 1B-4 (1999) bars plaintiff from seeking contribution. Contribution, as opposed to indemnity, "arises when more than one tortfeasor is found liable for the plaintiff's injury. It allows a defendant to demand assistance from the other joint tortfeasor(s) if his payment to the plaintiff exceeds his *pro rata* share. Contribution also allows the defendant to apply any damages it pays as a joint tortfeasor as a credit against the total dam-

BRIDGESTONE/FIRESTONE, INC. v. OGDEN PLANT MAINT. CO. OF N.C.

[144 N.C. App. 503 (2001)]

age award." David A. Logan and Wayne A. Logan, North Carolina Torts § 8.20, at ¶ 7 (1996), *citing Holland v. Southern Pub. Util. Co.*, 208 N.C. 289, 180 S.E. 592 (1935).

On the other hand, as previously noted, indemnity arises under the doctrine of primary-secondary liability, also known as active-passive negligence. Here, plaintiff is seeking indemnification, as opposed to contribution, on the basis that it is not a joint nor primary tortfeasor.

We conclude plaintiff's allegations, together with the contractual indemnity provisions, are sufficient to withstand defendants' motion for judgment on the pleadings. We therefore reverse the trial court's order and remand the case for a determination of whether plaintiff is entitled to indemnity from defendants Ogden and Budd.

Reversed and remanded.

Judge HUNTER concurs.

Judge CAMPBELL concurs in part and dissents in part.

CAMPBELL, Judge, concurring in part and dissenting in part.

I concur with the majority opinion to the extent that it allows plaintiff to proceed on its claim against defendants for the property damage plaintiff allegedly incurred as a result of the 9 September 1994 accident. I respectfully dissent from the majority opinion's conclusion that plaintiff should be allowed to proceed on its claim seeking indemnity from defendants for the costs incurred by plaintiff in defending and settling the underlying wrongful death action. Therefore, the trial court's order should be affirmed in part and reversed in part.

"The right to indemnity between defendants arises when liability is imposed upon one defendant for the other's tortious conduct through operation of law, as for example, through the doctrine of *respondeat superior*." *Kim v. Professional Business Brokers*, 74 N.C. App. 48, 51, 328 S.E.2d 296, 299 (1985). "Indemnity is not permitted when the defendants are in *pari delicto*, that is, when both defendants breach substantially equal duties owed to the plaintiff." *Id.* In the instant case, plaintiff seeks indemnification from defendants for the expenses it incurred in defending and settling the underlying wrongful death action brought against the parties. Upon

**BRIDGESTONE/FIRESTONE, INC. v. OGDEN PLANT MAINT. CO. OF N.C.**

[144 N.C. App. 503 (2001)]

examination of the complaint in the underlying wrongful death action, which defendants attached as an exhibit to their respective answers[1], I find that the only allegations asserted against plaintiff are allegations of direct and active negligence. Although plaintiff's complaint in the instant case alleged that plaintiff's liability in the underlying action could only be based on passive or derivative negligence, there are no allegations of passive or derivative negligence on the part of plaintiff in the underlying wrongful death suit. Having settled an action based on a complaint alleging direct and active negligence on its part, plaintiff would be prohibited from seeking indemnification from defendants for the costs incurred in such settlement. I believe a contrary ruling would violate this State's public policy against allowing an entity to be indemnified for loss arising from its own negligence, as codified in N.C. Gen. Stat. § 22B-1.

Further, as to defendant-Ogden, plaintiff's contractual indemnification claim is itself violative of N.C.G.S. § 22B-1. Pursuant to N.C.G.S. § 22B-1, a construction indemnity provision which purports to indemnify a promisee against liability for damages arising from the negligence, in whole or in part, of the promisee "is against public policy and is void and unenforceable." N.C. Gen. Stat. § 22B-1 (1999). In the instant case, the indemnity provision in the contract between plaintiff and defendant-Ogden clearly purports to indemnify plaintiff against damages arising from its own negligence. By its terms, the indemnity provision provides that defendant-Ogden shall indemnify plaintiff "from damage to or theft of [plaintiff's] property and from all claims and judgments . . . based on injuries to person or property . . . regardless of whether such claims are alleged to be caused by negligence, or otherwise, on the part of [plaintiff] or its employees . . . ." This provision clearly attempts to hold defendant-Ogden responsible for the negligence of plaintiff. It is therefore against public policy and is void and unenforceable.

However, this does not end the inquiry as to the indemnity provision between plaintiff and defendant-Ogden. "When a contract contains a provision which is severable from an illegal provision and is in no way dependent upon the enforcement of the illegal provision for its validity, such a provision may be enforced." *International Paper Co. v. Corporex Instructors, Inc.*, 96 N.C. App. 312, 315, 385 S.E.2d

---

1. When ruling on a motion for judgment on the pleadings the trial judge is allowed to consider any exhibits which have been attached to the pleadings. *See Minor v. Minor*, 70 N.C. App. 76, 318 S.E.2d 865, *cert. denied*, 312 N.C. 495, 322 S.E.2d 558 (1984).

BRIDGESTONE/FIRESTONE, INC. v. OGDEN PLANT MAINT. CO. OF N.C.

[144 N.C. App. 503 (2001)]

553, 555 (1989). The majority opinion does not specifically address the issue of severability, but having carefully reviewed the indemnity provision at issue and applicable case law, I do not believe that the indemnity provision between plaintiff and defendant-Ogden can be severed so as to make it valid under N.C.G.S. § 22B-1.

Even if the offending phrase, "regardless of whether such claims are alleged to be caused by negligence, or otherwise, on the part of [plaintiff] or its employees," were to be stricken, the remaining indemnity provision would still allow plaintiff to seek indemnity from defendant "from all claims and judgments . . . based on injuries to person or property . . . in any manner caused by, incident to, connected with, resulting or arising from the performance of this contract, . . . ." The remaining indemnity provision would not by its terms prevent plaintiff from seeking indemnification from loss arising from the performance of the contract and caused, in whole or in part, by plaintiff's own negligence. Therefore, it would still violate public policy and be void and unenforceable.

In *Miller Brewing Co. v. Morgan Mechanical Contractors, Inc.*, 90 N.C. App. 310, 368 S.E.2d 438, *disc. review denied*, 323 N.C. 174, 373 S.E.2d 110 (1988), this Court considered an appeal from a trial court order holding that the indemnity provision printed on the back of a purchase order was against public policy, void and unenforceable under N.C.G.S. 22B-1. The indemnity provision at issue in *Miller*, read:

> 9. Seller is to save harmless and indemnify Buyer from any and all judgments, costs, expenses, attorneys' fees, and claims . . . arising out of or in any way connected with the work done or goods furnished under this [purchase order]. . . .

As in the instant case, the indemnity provision in *Miller* did not in any way prohibit the party seeking indemnity from recovering for loss caused by its own negligence. In *Miller*, this Court held that the indemnity provision at issue was invalid under N.C.G.S. 22B-1. I believe that the indemnity provision at issue in the instant case is sufficiently similar to the one in *Miller* to make this Court's holding in *Miller* controlling.

Further, the majority's reliance on *International Paper Co.* does not change my opinion. In *International Paper Co.*, this Court severed from an indemnity provision a phrase similar to the offend-

ing phrase in the instant case. Having done so, the remainder of the indemnity provision was found not to be violative of N.C.G.S. § 22B-1. However, unlike the remaining indemnity provision here, the remaining indemnity provision in *International Paper Co.* only allowed for indemnification for loss "caused in whole or in part by any negligent act or omission of the Builder, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable." This provision would not allow plaintiff to seek indemnification for loss caused by its own negligence.

Having found this Court's conclusion in *Miller* to be controlling, I believe the indemnity provision between plaintiff and defendant-Ogden is void and unenforceable under N.C.G.S. § 22B-1, and cannot be used as the basis for recovery in an indemnity action. Consequently, plaintiff's contractual indemnification claim against defendant-Ogden has no legal basis, and the trial court did not err in entering judgment on the pleadings in favor of defendant-Ogden as to that portion of plaintiff's claim.

I do not find that the indemnification provision between plaintiff and defendant-Budd violates N.C.G.S. § 22B-1. It does not purport to indemnify plaintiff against liability arising from its own negligence. Nevertheless, for the reasons previously stated, I believe the trial court's judgment on the pleadings in favor of defendant-Budd as to plaintiff's contractual indemnification claim was correct.

As to plaintiff's property damage claim, I concur in reversing the trial court's order, and remanding for further proceedings to determine if defendants are liable to plaintiff for the property damage incurred on 9 September 1994. On remand, one of the factual issues to be resolved would be whether the damage to plaintiff's property and equipment was covered by the "Fire and Extended Coverage and Boiler and Machinery Insurance Policies filed and approved in New York State" at the time of the accident, thereby leading to plaintiff's waiver of its right to recover from defendant-Ogden pursuant to Article XIII of their contract.