[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2005
THOMAS K. KAHN
CLERK

No. 05-12445
Non-Argument Calendar

_____

D. C. Docket No. 02-00085-CV-WLS-1

KAREN MICHELLE ECKMAN,

Petitioner-Appellant,

versus

ROSE WILLIAMS, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 13, 2005)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant, Karen Michelle Eckman ("Eckman"), appeals from the district court's denial of her federal habeas corpus petition brought under 28 U.S.C. § 2254. The district court granted Eckman a certificate of appealability ("COA") on the following issues: (1) whether the district court erred in applying the deference standard set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d); and (2) whether sufficient evidence was presented to support Eckman's convictions.

The record demonstrates that Eckman was convicted in the Superior Court of Lee County, Georgia, of two counts of malice murder, four counts of felony murder, two counts of aggravated assault, hijacking a motor vehicle, and armed robbery. On direct appeal, the Georgia Supreme Court reversed Eckman's two aggravated assault convictions, concluding that these convictions should have been merged with the malice murder convictions, but it affirmed the remaining convictions and sentences. *Eckman v. State*, 548 S.E.2d 310, 274 Ga. 63(2001).

Eckman subsequently filed her federal petition presenting a single issue: that her convictions are not supported by constitutionally sufficient evidence, in violation of the Due Process Clause of the Fourteenth Amendment and *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1997). The district court referred the

2

matter to a magistrate judge for a report and recommendation.[1] The magistrate judge recommended that the district court deny Eckman habeas relief. The district court, after some modification, adopted the report and recommendation and entered judgment in favor of the respondent.

We review the district court's denial of habeas relief *de novo*, while fact findings made by the district court are reviewed for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).

After reviewing the record and reading the parties' briefs, we first conclude that the district court correctly applied the deference standard as set forth in 28 U.S.C. § 2254(d) to Eckman's sufficiency of the evidence claim. In essence, what Eckman argues here is that the deference standard as stated in § 2254(d) is not appropriate in sufficiency of evidence claims. If we were to accept that argument, we would be ignoring the directives of § 2254(d), and we would be requiring the reviewing court to assess the sufficiency of evidence claims in each case on a *de novo* basis. This we cannot do. Only Congress is vested with the power to regulate the jurisdiction of federal courts in habeas corpus matters. *Ex parte Royall*, 117 U.S. 241, 249, 6 S. Ct. 734, 739 (1886).

---

[1]See 28 U.S.C. § 636 *et seq.*

It is clear that Congress specifically passed the AEDPA in response to the federal court's failure to limit its review of state court proceedings to a deferential standard. *See Gomez v. Acevedo*, 106 F.3d 192, 198-99 (7th Cir. 1997). We conclude that it is Congress's plain intent that federal courts sitting under their authority pursuant to 28 U.S.C. § 2241, *et seq.* must apply the deference standard as articulated in § 2254. There has been no exception from this standard carved out for *Jackson v. Virginia* claims. If we were to apply a different standard to these claims, we would be engaging in judicial legislation of the AEDPA, which is not permitted. Accordingly, we hold that the district court acted properly when it applied the deference standard of § 2254(d) to Eckman's sufficiency of the evidence claim.

We agree with the State that the district court incorrectly framed the second issue. The sufficiency of the evidence issue had already been raised by Eckman on direct appeal to the Georgia Supreme Court and decided adversely to her. Thus, the district court granted Eckman a "second bite at the apple" by reviewing the sufficiency of the evidence claim on the merits. Instead, the district court should have framed the issue as whether it erred by holding that the Georgia Supreme Court's decision was not an unreasonable application of, or contrary to, established federal law. No matter how the issue is framed, however, we conclude

4

from the record that the evidence was constitutionally sufficient as clearly set forth in the Georgia Supreme Court's findings. Accordingly, for the foregoing reasons, we affirm the judgment of the district court denying habeas relief.

**AFFIRMED.**